Dear Mr. Babin:
You requested an opinion of this office regarding the legality and/or propriety of the maintenance of a separate bank account for the City of Scott police reserve unit comprising cash donations derived from their security activities at festivals, football games, etc., and administered by the elected police chief and/or police department instead of being placed in the city treasury administered by the city's administration.
It is the opinion of this office that such a bank account for the purpose you describe is within the ambit of the powers of the chief of police. Additionally, according to a letter from the Chief of Police Jerry Carpenter, it appears that the fund has sufficient accounting controls as expenditures are approved by a board of directors.
The question turns on whether these funds are public funds and therefore municipal funds. No constitutional or statutory provision exists ordaining the public custody and control of privately generated funds. When funds are independently raised by police-related organizations, state law does not require their deposit and control in the municipal treasury. These self-generated funds are analogous to funds self-generated by school-related organizations such as parent and booster clubs discussed in Op. Atty. Gen. No. 90-264, June 8, 1990. This opinion clarified that the school board possesses the implied power to require that such funds be so deposited for accounting purposes, but in the absence of local regulation, no state law requires school board control of independent funds.
The Louisiana Supreme Court in Lentini v. City of Kenner, 211 So.2d 311
(La. 1968), a case in which a board of aldermen passed a city ordinance specifically attempting to wrest control of city police property from the chief of police, rendered the ordinance void as a deprivation of the police chief's inherent authority to control property and assign personnel.
The Lawrason act describes the powers of various officials under the Act as follows:
 LSA R.S. 33:362 (A)(1) "The legislative powers of a municipality shall be vested in and exercised by the board of alderman."
 LSA R.S. 33:362(B) "The mayor shall be the chief executive officer of the municipality."
 LSA R.S. 33:362(C) "Any department of a municipality, other than the police department in a municipality with an elected chief of police, shall be created, abolished, merged, or consolidated by the board of aldermen, upon written recommendation of the mayor." (Emphasis supplied)
 LSA R.S. 33:404(A)(1) Duties of mayor "To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police . . ." (Emphasis supplied)
 LSA R.S. 33:404(B) "The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police as set forth in R.S. 33:423, R.S. 33:423.2 and R.S. 33:423.3."
Thus, in summary, expressly by statute, the mayor does not have supervisory power over a police department with an elected chief of police. Because the funds generated by the volunteer police reserve unit are the private property of the volunteer police organization and as such are not public funds, an elected chief of police has inherent power to control this property.
Trusting this opinion to be of sufficient information, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General